**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Kohler Marsh,<br><br>    Plaintiff,<br><br>v.<br><br>Zarcal Res Tempe LLC, et al.,<br><br>    Defendants. | No. CV-17-04057-PHX-DLR<br><br>**ORDER** |

    Before the Court are Defendants Zarcal Res Tempe LLC ("Zarcal") and Ucomm LLC's ("Ucomm") motion to dismiss (Doc. 15), and Plaintiff John Marsh's motion to strike (Doc. 20). Neither party requested oral argument. For the following reasons, Defendants' motion to dismiss is granted and Plaintiff's motion to strike is denied.

**I. Background**

    Plaintiff formerly leased residential property from Defendants. In 2017, Defendants filed a state court eviction action against Plaintiff after he defaulted on his rent.[1] In the context of that eviction action, Plaintiff raised several affirmative defenses/counterclaims, including that Defendants violated Arizona law by failing to make certain requested repairs that Plaintiff claimed materially affected his health and safety, and by failing to file certain information with the Maricopa County Assessor's

---

[1] The Court may take judicial notice of the state court eviction action and the filings therein. *See* Fed. R. Civ. P. 201; *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001).

office. (Doc. 15-3.) Plaintiff's requested relief on his counterclaims included $336,757, allegedly representing "all prepaid rent since [he] took possession" of the property. (*Id.* at 7.) On October 3, 2017, the Maricopa County Superior Court found Plaintiff guilty and entered judgment in favor of Defendants for possession of the property and for $36,493.11 in unpaid rent, late fees, and other charges. (Doc. 15-2.) Plaintiff did not appeal that judgment.

Instead, one month later Plaintiff filed this lawsuit. His complaint alleges claims that are materially identical to his affirmative defenses/counterclaims in the state court eviction action. Plaintiff once again complains that Defendants violated Arizona law by failing to repair certain conditions hazardous to his health and safety, and by not filing certain information with the Maricopa County Assessor's Office. (Doc. 1.) Like his state court counterclaims, Plaintiff seeks damages in the amount of $336,757, allegedly representing his prepaid rent.

Defendants have moved to dismiss the complaint both for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted. (Doc. 25.) Plaintiff moved to strike Defendants' motion, but his motion to strike also responds substantively to Defendants' arguments. (Doc. 20.)

**II. Motion to Strike**

Pursuant to Local Rule of Civil Procedure 7.2(m), "a motion to strike may be filed only if it is authorized by statute or rule, . . . or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." Motions to strike are generally disfavored and rarely granted. *Ordahl v. U.S.*, 646 F. Supp. 4, 6 (D. Mont. 1985).

Plaintiff argues that Defendants' motion violates: (1) Local Rule 12.1(c) because Defendants failed to adequately confer with him regarding the substance of the motion before filing it; (2) Federal Rule 12(a)(1)(A) because it was untimely filed; and (3) Local Rule 7.1(a)(3) because the caption of the motion lists the parties' names in all capital

letters instead of proper upper and lower case type.[2] Plaintiff's arguments are not well-taken.

First, the Court has reviewed the communications appended to Defendants' reply memorandum and finds that Defendants adequately attempted to confer with Plaintiff regarding the substance of their motion to dismiss before filing it. Second, Defendants' motion to dismiss is timely. The record shows that Ucomm was served on December 1, 2017. (Doc. 13.) Although nothing in the record shows that Plaintiff served Zarcal, Defendants jointly moved to dismiss within 21 days of service upon Ucomm. Moreover, Defendants were not required to file an answer along with their motion to dismiss because the motion is based, at least in part, on lack of subject-matter jurisdiction. (Doc. 3 ¶ 5(a).) Finally, although the Court commends Plaintiff for his meticulous attention to this District's Local Rules, the Court will not strike a motion simply because its caption is written in all capital letters. The Court prefers to resolve cases on the merits, not on technicalities. For these reasons, Plaintiff's motion to strike is denied.

**III. Motion to Dismiss**

Defendants' motion to dismiss is based on Rules 12(b)(1) and (b)(6). Rule 12(b)(1) permits a party to raise lack of subject-matter jurisdiction in a motion to dismiss. Under Rule 12(b)(6), the Court's task "is to evaluate whether the claims alleged [plausibly] can be asserted as a matter of law." *See Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Beginning with Defendants' jurisdictional argument, the Court is satisfied that subject-matter jurisdiction exists. This case is here on diversity. Defendants contend that the Court lacks subject-matter jurisdiction because the Arizona statutes upon which Plaintiff's claims are based do not create a private cause of action and, therefore, the amount in controversy is $0—far less than the $75,000 threshold for diversity

---

[2] Plaintiff also argues that Defendants "assert a defense that is not warranted by existing law." (Doc. 20 at 3.) Plaintiff's criticism of the substance of Defendants' motion, however, is not a reason to strike the motion. Instead, the Court has considered these critiques as a response to the merits of the motion to dismiss.

jurisdiction. Defendants' argument, however, requires the Court to make a determination on the merits of Plaintiff's claim. Stated differently, Defendants argue that the amount in controversy is $0 because Plaintiff cannot pursue his damages claims as a matter of law. But this argument collapses the 12(b)(1) and the 12(b)(6) inquiries. Plaintiff's complaint seeks damages well in excess of $75,000. To the extent Defendants' argument concerning the amount in controversy requires the Court to pass on the merits on Plaintiff's claims, the argument is more appropriately considered under the rubric of Rule 12(b)(6).

Moving on to Rule 12(b)(6), Defendants argue that Plaintiff's complaint fails to state a claim to relief for four reasons: (1) the Arizona statutes upon which Plaintiff's claims are based do not create a private cause of action; (2) these statutes do not apply to Defendants because they are not the owners of the property; (3) Plaintiff's claims are time-barred; and (4) Plaintiff's claims are barred by claim preclusion. The Court finds that Defendants' final argument is dispositive and, therefore, declines to unnecessarily opine on the proper interpretation of Arizona law or the timeliness of Plaintiff's claims.

"[U]nder the doctrine of res judicata, a judgment on the merits in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action. The doctrine of res judicata binds the same parties standing in the same capacity in the subsequent litigation on the same cause of action, not only upon the facts actually litigated, but also upon those points which might have been (even though not expressly) litigated." *Aldrich and Steinberger v. Martin*, 837 P.2d 1180, 1183 (Ariz. Ct. App. 1992) (internal quotations and citations omitted). Here, Plaintiff and Defendants both were parties to a prior state court eviction action. Plaintiff raised these same claims as affirmative defenses/counterclaims in the context of that litigation. The state court found Plaintiff guilty and awarded damages to Defendants. In doing so, the state court necessarily rejected Plaintiff's affirmative defenses/counterclaims, as the judgment included no offsets for Plaintiff's alleged prepaid rent. Plaintiff chose not to appeal that judgment. He cannot now re-litigate those affirmative defenses/counterclaims in the

context of a new, federal lawsuit. Defendants' motion to dismiss therefore is granted because Plaintiff's claims are precluded by the state court eviction judgment.

**IT IS ORDERED** that Plaintiff's motion to strike (Doc. 20) is **DENIED** and Defendants' motion to dismiss (Doc. 15) is **GRANTED**. The Clerk of the Court shall terminate this case.

Dated this 6th day of September, 2018.

Douglas L. Rayes
United States District Judge